UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADI RAVIV,<br><br>　　　　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>MIRROR BIOLOGICS, INC.,<br><br>　　　　　　　　　　*Defendant.* | Case No.: 1-22-cv-06847 (SLC)<br><br>**JOINT PRETRIAL ORDER** |

　　　　Plaintiff Adi Raviv ("Plaintiff") and Defendant Mirror Biologics, Inc. ("Defendant") jointly submit this proposed joint pretrial order, pursuant to Section IV.C of this Court's Individual Practices.

1.　　ATTORNEY CONTACT INFORMATION

　　a)　　Plaintiff's Counsel

　　　　Jonathan Rogin
　　　　Berger Webb Hone & Rogin, LLP
　　　　7 Times Square, 27th Floor
　　　　New York, NY  10036
　　　　212.319.1900 (o)
　　　　917.209.1744 (c)
　　　　jrogin@bergerwebb.com

　　b)　　Defendant's Counsel

　　　　Brian C. Dunning
　　　　Irene Ribeiro Gee
　　　　Dunning Rievman & MacDonald LLP
　　　　1350 Broadway, Suite 2120
　　　　New York, NY  10018
　　　　646.873.7522 (o)
　　　　917.957.2991 (c)
　　　　bdunning@drmlaw.com
　　　　iribeiro@drmlaw.com

2. BASIS FOR SUBJECT MATTER JURISDICTION

Plaintiff asserts that this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because: (i) this case is between citizens of different states, as Plaintiff is a citizen of New York and Defendant is a citizen of Delaware (state of incorporation) and Florida (state where principal place of business is located); and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Defendant does not dispute that this Court has subject matter jurisdiction for the reasons set forth above.

3. BRIEF SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED

   a) Plaintiff's Summary

Plaintiff claims that pursuant to his employment agreement with Defendant dated January 19, 2022, he was entitled to, among other things: (i) vesting of certain stock options which Defendant had previously awarded him; and (ii) upon the termination of his employment without "Cause" (a defined term), certain payments, equity vesting and benefits. Plaintiff further claims that on February 24, 2022, his employment by Defendant was terminated without Cause, as borne out by the fact that Defendant did not, at the time of such termination, provide him the required written notice describing any condition constituting Cause. Plaintiff further denies that he engaged in any conduct that could have supported a termination for Cause, even if Defendant had followed the required notice procedure.

Notwithstanding that Plaintiff's employment by Defendant was terminated without Cause, Defendant has failed to provide Plaintiff with any of the contractually-required payments, stock vesting and benefits. Such failure constitutes a breach of the employment agreement by Defendant.

Additionally, Plaintiff understands that Defendant contends that his employment agreement is unenforceable because it was not validly approved by Defendant's Board of Directors. Plaintiff denies this assertion in its entirety.

b) <u>Defendant's Summary of Defenses</u>

Defendant asserts in its defense that Plaintiff's Employment Agreement is not enforceable because it was part of a scheme to take control of the company from its majority shareholders, was not validly approved by a legitimately-constituted board, and was materially unfair and onerous for the Company.

Defendant contends that Plaintiff's employment was terminated for cause. Among other things, Plaintiff opened Chase bank accounts in the name of the company on which he was the sole authorized signer. At the time, the Board of Directors did not authorize Plaintiff to open these accounts, and indeed it was not aware of them. Plaintiff then transferred virtually all of the Company's money from its long-time Bank of America accounts to newly-opened Chase accounts, including almost $12,000,000 that had been deposited as part of a new investor's contribution of capital to the company in exchange for shares. Plaintiff then arranged, first, for the company to lend him $100,000, which he paid himself from the Chase account on January 3, 2022. Then, after purportedly obtaining the board's approval of his Employment Agreement, he paid himself another $100,000, this time characterized as a signing bonus which he was supposed to use to repay the aforementioned loan. He paid himself this $100,000 signing bonus on January 20, 2022, and he did not repay the loan.

Plaintiff's scheme to defraud the Company entailed excluding the Company's two main stakeholders, Michael Har-Noy and Mr. Loo, from having any oversight over the affairs of the Company.

First, Plaintiff admonished Dr. Har-Noy to step down from the board arguing that Dr. Har-Noy's past would have a detrimental impact on the Company's ability to raise equity capital. Dr. Har-Noy believed Plaintiff's reasons and resigned from the board.

Second, upon completion of the Company's largest equity raise in the amount of $12 million (arranged by Dr. Har-Noy, not the Plaintiff), Mr. Loo and Dr. Har-Noy sought the Plaintiff's assistance in securing a board seat for Mr. Loo. Defendant slow-walked the process to appoint Mr. Loo, once again preventing the major shareholders from having oversight into the affairs of the Company by the Company.

Plaintiff's actions to exclude the Company's main stakeholders from the affairs of the Company allowed him to negotiate a highly favorable employment agreement for himself with minimum oversight. Indeed, upon receiving a draft copy of the Employment Agreement in late January 2022, Mr. Har-Noy immediately alerted members of the board not to approve it. By then the board had long approved the Employment agreement, negotiation of which had started at least three months earlier.

4. PLAINTIFF'S DAMAGE CALCULATION

Plaintiff's damages are comprised of the following elements and amounts:

a) Issuance of Stock Options

   i) Plaintiff seeks issuance of 1,229 fully vested stock options pursuant to the grant, vesting and exercise terms set forth in the Consulting Agreement and Employment Agreement. (Exs. D, BB.)

b) Issuance of Grant Shares

   i) Plaintiff seeks issuance of 2,000 shares of Mirror pursuant to the Employment Agreement. (Ex. BB.)

   ii) In the alternative, Plaintiff seeks the sum of $4,000,000, based on an estimated share value at the time of grant of $2,000.

    c)    <u>Severance</u>

          i)    Plaintiff seeks severance of $395,000 (twelve months' base salary pursuant to Sections 5.1 and 7.2 of the Employment Agreement). (Ex. BB.).

    d)    <u>Bonus</u>

          i)    Plaintiff seeks a pro-rata bonus for 2022 in the amount of $35,000 (pursuant to Section 7.2 of the Employment Agreement). (Ex. BB.)

<u>Defendant's Position as to Plaintiff's Damages Calculation</u>

Defendant contends that Plaintiff's estimation of his damages is speculative and not grounded in evidence. Plaintiff did not produce any evidence showing his entitlement to a valuation of $2000 /share. To assume Plaintiff's valuation as true would necessarily create an unfair result insofar as it would cause the Employment Agreement to effectively destroy the ability of the Company to continue as a going concern:

5.    **TRIAL WITH OR WITHOUT JURY**

Plaintiff and Defendant have stipulated that this case will be tried without a jury, and they anticipate that the trial will last four days.

6.    **STIPULATIONS OF FACT OR LAW**

None.

7.    **WITNESS LISTS**

    a)    <u>Plaintiff's Witness List</u>

        i)    Plaintiff Adi Raviv (in person)

        ii)    Joel Kanter (in person)

        iii)    Michael Har-Noy (in person)

        iv)    Alessandra Cesano (by deposition)

        v)    Daniel Mbengue (by deposition)

    b)    Defendant's Witness List

        i)    Michael Har-Noy (in person)

        ii)   Daniel Mbengue (in person or by deposition)

        iii)  Keith Loo (in person)

        iv)   Patrick Tan (in person)

        v)    Thu Bui (in person)

        vi)   Plaintiff Adi Raviv (in person)

8.   DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE

    a)    Plaintiff's Deposition Designations

        i)    Alessandra Cesano:

            Pages: 13:8-17:10, 20:20-23:3, 31:10-33:1, 34:5-35:17, 37:14-41:15

        ii)   Daniel Mbengue:

            Pages 11:7-12:4, 12:18-19:15, 21:15-28:11, 64:17-73:17

    b)    Defendant's Deposition Designations

        i)    Daniel Mbengue:

            Pages 19:16-21:14, 28:12-58:22

9.   EXHIBIT LIST

    a)    Plaintiff's Exhibit List: Attached hereto.

    b)    Defendant's Exhibit List: Attached hereto.

10.  PROPOSED SCHEDULE TO EXCHANGE DEMONSTRATIVE EXHIBITS

The parties will exchange demonstrative exhibits, if any, two weeks before the commencement of trial.

11.  EXPERT WITNESSES

The parties do not intend to call expert witnesses at trial.

SO STIPULATED AND AGREED:

| BERGER WEBB HONE & ROGIN LLP | DUNNING RIEVMAN & MACDONALD LLP |
|---|---|
| By: _____ <br> Jonathan Rogin | By: _____ <br> Brian C. Dunning |
| 7 Times Square, 27th Floor <br> New York, NY 10036 <br> 212-319-1900 <br> Attorneys for Plaintiff | 1350 Broadway, Suite 2220 <br> New York, NY 10018 <br> 646-873-7522 <br> Attorneys for Defendant |

Dated: New York, New York
       September 15, 2023

SO ORDERED:   9/20/2023

_____
SARAH L. CAVE
United States Magistrate Judge

*Adi Raviv v. Mirror Biologics, Inc.*
Case No. 1-22-cv-06847 (SLC)

## PLAINTIFF'S TRIAL EXHIBITS

| Exhibit Letter | Description | Objection (if any) |
|---|---|---|
| A | Complaint dated 8/11/22 | |
| B | Answer dated 10/4/22 | |
| C | Defendant's Objections and Responses to Request to Admit dated 4/19/23 | |
| D | Consulting Agreement dated 5/5/21 (Depo. Ex. 35) | |
| E | 7/2/21 memo from Har-Noy to Board (Depo. Ex. 54) | |
| F | 7/13/21 e-mail from Har-Noy to Raviv (AR 15311-15318) | |
| G | 8/4/21 e-mail from Bui to Wong (AR 15367-15373) | |
| H | 10/7/21 e-mail from Raviv to Mbengue (Depo. Ex. 32; Defendant 24909) | |
| I | 10/28/21 e-mail from Hart to Raviv, Har-Noy, Gilmour (AR 15048-15084) | |
| J | 10/29/21 e-mail from Har-Noy to Hart (AR 15085-15086) | |

| | | |
|---|---|---|
| K | 10/29/21 Amended and Restated Certificate of Incorporation<br>(Depo. Ex. 57) | |
| L | 11/16/21 e-mail from Cesano to Raviv<br>(Depo. Ex. 25) | |
| M | 11/22/21 e-mail from Raviv to Ko<br>(AR 15088-15244) | |
| N | 12/6/21 e-mail from Raviv to Mbengue<br>(AR 2714-2787) | |
| O | 12/7/21 e-mail from Raviv to Mbengue<br>(Depo. Ex. 28; AR 2791-2795) | |
| P | 12/13/21 e-mail from Raviv to Kanter, Kishner, Lemerond, Swersky, Cesano, Margolin<br>(Cesano 12-13) | |
| Q | 12/27/21 e-mail from Raviv to Kanter, Lemerond, Swersky, Cesano, Tan, Wallach<br>(Cesano 57-65) | |
| R | 12/29/21 Unanimous Written Consent<br>(Depo. Ex. 19; AR 15-20) | |
| S | 12/29/21 e-mail from Raviv to Kanter, Swersky, Cesano, Wallach<br>(AR 8978-8979) | |
| T | 1/5/22 e-mail from Hart to Raviv, Wallach, Tan<br>(AR 15245-15249) | |

| | | |
|---|---|---|
| U | 1/5/22 e-mail from Hart to Raviv, Wallach, Tan<br>(AR 15250-15279) | |
| V | 1/5/22 e-mail from Wallach to Hart, Raviv, Tan<br>(AR 15280-15281) | |
| W | 1/5/22 e-mail from Tan to Wallach<br>(AR 15282-15284) | |
| X | 1/10/22 e-mail from Cesano to Kanter<br>(Cesano 94-102) | |
| Y | 1/13/22 e-mail from Kanter to Lemerond, Cesano, Tan, Wallach<br>(Depo. Ex. 62; AR 9740-9756) | |
| Z | 1/19/22 e-mail from Kanter to Raviv, Lemorond, Cesano, Margolin, Tan, Wallach<br>(Depo. Ex. 65) | |
| AA | 1/19/22 Board Minutes<br>(Depo. Ex. 1) | |
| BB | 1/19/22 Employment Agreement<br>(Depo. Ex. 2) | |
| CC | 1/27/22 Press Release<br>(AR 76-78) | |
| DD | 1/30/22 e-mail from Van Voorhees to Raviv, Tegge, Stein<br>(AR 79-81) | |

| | | |
|---|---|---|
| EE | 1/31/22 e-mail from Har-Noy to Tan, Chiang (Depo. Ex. 5) | |
| FF | 2/1/22 e-mail from Hart to Raviv (AR 15287-15295) | |
| GG | 2/1/22 e-mail from Raviv to Hart (AR 15296-15297) | |
| HH | 2/1/22 e-mail from Hart to Raviv (AR 15298-15301) | |
| II | 2/6/22 e-mail from Tan to Kanter, Cesano, Lemerond, Swersky, Wallach, Raviv (AR 11154) | |
| JJ | 2/8/22 e-mail from Hart to Kanter (Depo Ex. 56) | |
| KK | 2/8/22 e-mail from notifications@clio.com to Raviv (AR 15319-15325) | |
| LL | 2/8/22 e-mail from Carmel to Raviv (AR 15326-15331) | |
| MM | 2/8/22 e-mail from Raviv to Carmel (AR 15332-15338) | |
| NN | 2/8/22 e-mail from Carmel to Raviv (AR 15339-15359) | |
| OO | 2/10/22 e-mail from Raviv to Har-Noy (AR 11565-11567) | |

| | | |
|---|---|---|
| PP | 2/11/22 from Har-Noy to Board of Directors (AR 11622-11623) | |
| QQ | 2/11/22 e-mail from Kanter to Har-Noy (Depo. Ex. 23) | |
| RR | 2/12/22 e-mail from Raviv to Carmel, Hart, Kanter (Depo. Ex. 30; AR 11672) | |
| SS | 2/13/22 e-mail from Raviv to Kanter, Tan (AR 11699-11701) | |
| TT | 2/14/22 e-mail from Raviv to Tan (AR 11928-11938) | |
| UU | 2/24/22 Written Consent of Mirror Stockholders (Depo. Ex. 15) | |
| VV | 2/24/22 Unanimous Consent of Directors (Depo. Ex. 66) | |
| WW | 2/24/22 letter from Sims to William (Depo. Ex. 63; AR 107-113) | |
| XX | 2/24/22 letter from Sims to Raviv (Depo. Ex. 64) | |
| YY | Mirror Amended and Restated Bylaws (Depo. Ex. 61) | |

| | **Raviv v. Mirror Biologics, Inc. (1:22-cv-06847)**<br><br>**Defendant's Exhibit List** | |
|---|---|---|
| Number | Description | Plaintiff's Objections |
| 1 | 5/19/2019 Unanimous Written Consent of The Board of Directors<br>(DURI13241_00043403) | |
| 2 | 8/29/2019 Unanimous Written Consent of The Board of Directors<br>(DURI13241_00043405) | |
| 3 | 01/20/2021 Action by Unanimous Written Consent In Lieu Of Notice of The Board of Directors<br>(DURI13241_00043387) | |
| 4 | 5/21/2021 Consulting Agreement<br>(Depo. Ex. 35) | |
| 5 | 07/6/2021 Unanimous Written Consent of the Board of Directors of Mirror Biologics, INC.<br>–<br>Appointment of Chief Executive Officer and Chairman<br>(DURI13241_00053640) | |
| 6 | 07/6/2021 Unanimous Written Consent of the Board of Directors of Mirror Biologics, INC.<br>-<br>Approval of Private Offering<br>Approval of Letter of Engagement<br>(DURI13241_00043198) | |
| 7 | 7/14/2021 e-mail from Raviv to Bui and Wong<br>(DURI13241_0000119) | |
| 8 | 7/21/2021 e-mail from Raviv to Bui and Wong<br>(DURI13241_00001286) | |
| 9 | 7/26/2021 email from Raviv to Wong and Bui<br>(DURI13241_00028233) | |
| 10 | 8/18/2021 Unanimous Written Consent of the Board of Directors of Mirror Biologics, INC.<br>-<br>Issuance of Common Stock<br>Issuance of Preferred Stock<br>(DURI13241_00053642) | |
| 11 | 8/20/2021 Unanimous Written Consent of the Board of Directors of Mirror Biologics, INC.<br>-<br>Adoption of Consulting Agreement | |

| | | |
|---|---|---|
| | Adoption of Assignment Agreement<br>(DURI13241_00053641) | |
| 12 | 9/30/2021 email from Raviv to Bui and Gilmour<br>(DURI13241_00029309) | |
| 13 | 10/4/2021 email from Raviv to Mbengue<br>(Defendant 0024909)<br>(Mbengue Ex. 32) | |
| 14 | 10/28/2021 email from Raviv to Mbengue<br>(AR – 000853)<br>(Mbengue Ex. 28) | |
| 15 | 10/28/2021 Amended and Restated Bylaws of Mirror Biologics, INC.<br>(Depo. Ex. 38) | |
| 16 | 10/29/2021 Mirror Biologics, INC. Amended and Restated Certificate of Incorporation<br>(Depo. Ex. 36) | |
| 17 | 11/1/2021 Unanimous Written Consent of the Board of Directors of Mirror Biologics, INC.<br>-<br>Issuance of Common Stock<br>Issuance of Preferred Stock<br>(DURI13241_00051640) | |
| 18 | 11/13/2021 Email from Har-Noy, to Gilmour, Raviv and Bui<br>(DURI13241_00003634) | |
| 19 | 11/29/2021 Securities Purchase Agreement<br>Bottania<br>(Depo. Ex. 39)<br>(DURI13241_00048603) | |
| 20 | 11/29/2021 Securities Purchase Agreement<br>Bradbury<br>(Depo. Ex. 40)<br>(DURI13241_00048602) | |
| 21 | 11/30/2021 Unanimous Written Consent of The Board of Directors of Mirror Biologics, INC.<br>-<br>Approval of Subscriptions<br>Issuance of Common Stock<br>(DURI13241_00053639) | |
| 22 | 11/30/2021 email exchange between Raviv, Har-Noy, Fineberg, Tanwahyew, Wallach, Keiter Kishner, Hsiao Ping, Leonie Chai, Chieng, and Magri<br>(Depo. Ex. 41)<br>(DURI13241_00048601) | |
| 23 | 12/7/2021 email from Raviv to Mbengue<br>(AR-002791-002795)<br>(Mbengue Ex. 28) | |

2

| | | |
|---|---|---|
| 24 | 12/8/2021 Chase Bank Documents and Statements (Depo. Ex. 43) | |
| 25 | 12/12/2021 email from Raviv to Bui and Har-Noy (Depo. Ex. 44) | |
| 26 | 12/13/2021 email from Raviv to Bui and Har-Noy (DURI13241_00004102) | |
| 27 | 12/29/2021 Unanimous Written Consent of The Board of Directors of Mirror Biologics, Inc. - Appointment of Officers Authorizing CEO, CSO, CMO Employment Agreements - Appointment of Chairman/Directors/ Advisory Board Members - Approving Template for Directors and Advisory Board Members - Issuance of Shares for Officers, Directors, Advisors, Consultants, Investors (AR 000015-000020) (Kanter Exhibit 19 (6-6-23)) | |
| 28 | 1/19/2022 Mirror Biologics, INC. Board of Directors Meeting Agenda (Kanter Exhibit 21 (6-6-23)) (DURI13241_00041257) | |
| 29 | 1/19/2022 Employment Agreement (Kanter Exhibit 2 (6-6-23)) | |
| 30 | 1/19/2022 Minutes of a Meeting of the Board of Directors of Mirror Biologics, INC. (Kanter Exhibit 1 (6-6-23)) | |
| 31 | 1/20/2022 email exchange between Raviv, Van Voorhees, Tegge, Lemerond, Hart, Margolin, Cesano, Chaykina, Kanter, and Frisch (Kanter Exhibit 3 (6-6-23)) (DURI13241_00041283) | |
| 32 | 1/31/2022 email from Har-Noy to Kanter (Kanter Exhibit 5 (6-6-23)) (DURI13241_00120124) | |
| 33 | 1/31/2022 January Chase Bank Statement (Depo. Ex. 45) | |
| 34 | 2/12/2022 email from Raviv to Carmel, Hart, Kanter, Rogin and Mbengue (AR 011672) (DURI13241_00123286) | |
| 35 | 2/13/2022 email from Raviv to Kanter (Kanter Exhibit 12 (6-6-23)) (DURI13241_00123290) | |
| 36 | 2/14/2022 Mirror Biologics, INC. Board of Directors Meeting Agenda (Kanter Exhibit 24 (6-6-23)) | |

| | | |
|---|---|---|
| | (DURI13241_00136993) | |
| 37 | 2/14/2022 Minutes of a Meeting of the Board of Directors of Mirror Biologics, INC. (AR-012970) | |
| 38 | 2/24/2022 Unanimous Written Consent of The Board of Directors of Mirror Biologics, INC. Pursuant to Section 141(f) of the General Corporation Law of the State of Delaware (DURI13241_00005434) | |
| 39 | 2/24/2022 Unanimous Written Consent of The Board of Directors of Mirror Biologics, INC. Pursuant to Section 141(f) of the General Corporation Law of the State of Delaware (DURI13241_00005428) | |
| 40 | 2/24/2022 Unanimous Written Consent of The Board of Directors of Mirror Biologics, INC. (DURI13241_00005429) | |
| 41 | 2/24/2022 Mirror Biologics, INC. Consent of the Sole Remaining Director Pursuant to Section 141(f) of the General Corporation Law of the State of Delaware (DURI13241_00005335) | |
| 42 | 2/24/2022 Mirror Biologics, INC. Notice of Action by Written Consent Pursuant to Section 228(e) of the General Corporation Law of the State of Delaware (DURI13241_00005431) | |
| 43 | 2/24/2022 termination letter from Sims to Raviv (Depo. Ex. 51) | |
| 44 | 1/23/2023 $100,000 Term Note (DURI13241_00035444) | |
| 45 | 2/24/2022 Unanimous Written Consent of The Board of Directors of Mirror Biologics, INC. Pursuant to Section 141(f) of the General Corporation Law of the State of Delaware (DURI13241_00005430) | |
| 46 | Amended Bylaws (Depo. Ex. 38) | |
| 47 | Former Bylaws (Depo. Ex. 37) | |
| 48 | 1/18/2022 Letter from Robert G. Heim (Tater Krinsky & Drogin LLP) to The Board of Directors of Mirror Biologics, INC. | |
| 49 | 12/21/2021 email from Raviv to Lemerond, Swersky Sofer, Kishner, and Hart (DURI13241_00133124) | |
| 50 | 12/23/2021 email from Kanter to Raviv and Kishner | |

| | | |
|---|---|---|
| | (DURI 13241_00133293) | |
| 51 | 12/23/2021 email from Raviv to Kanter, Margolin, Swersky Sofer, Cesano, Kishner and Keiter (DURI13241_00133328) | |
| 52 | 12/23/2021 email from Raviv to Kanter, Lemerond, Swersky Sofer, Cesano and Kishner (DURI13241_00133318) | |
| 53 | 1/3/2022 email from Raviv to Lemerond and Kanter (DURI13241_00134099) | |
| 54 | 1/16/2023 Raviv to Tegge, Stein, Briones, Van Voorhees (DURI13241_00135087) | |
| 55 | 1/31/2022 email from Tan to Raviv, Wallach and Kanter (DURI13241_00123119) | |
| 56 | 2/1/2022 email from Wallach to Kanter and Raviv (DURI 13241_00123149) | |
| 57 | 2/1/2022 email from Har-Noy to Raviv, Fineberg, Van Voorhees, Carmel, Hart and Kanter (DURI 13241_00051544) | |
| 58 | 2/2/2022 email from Raviv to Kanter, Fineberg and Van Voorhees (DURI 13241_00123178) | |
| 59 | 2/3/2022 email from Kanter to Lemerond, Cesano, Marolin, Cordell (DURI13241_00041302) | |
| 60 | 2/6/2022 email from Tan to Kanter, Cesano, Lemerond, Swersky Sofer, Wallach, Raviv, Walsh and Sims (DURI 13241_00051839) | |
| 61 | 2/6/2022 Notice of Request for Books and Records of Mirror Biologics, INC. signed by Patrick Tan (DURI 13241_00041317) | |
| 62 | 2/7/2022 email from Raviv to Tan, Cesano, Lemerond, Margolin, Wallach, Kanter, Walsh, Sims, Carmel, Hart, Milazzo, and Kanter (DURI 13241_00041316) | |
| 63 | 2/7/2022 email from Kanter to Cesano, Margolin, Raviv, Lemerond, Carmel and Hart (DURI 13241_00123659) | |
| 64 | 2/13/2022 email from Tan to Raviv and Kanter (DURI 13241_00123289) | |